FILED
COURT OF APPEALS
DIVISION II

2015 MAR 17 AM 8: 42

STATE OF WASHINGTON
BY_____
DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 45477-7-II |
| Respondent, | |
| v. | |
| NIKOLAY IVANOVICH KALACHIK, | UNPUBLISHED OPINION |
| Appellant. | |

WORSWICK, J. — Nikolay Kalachik appeals his conviction for intimidating a public servant,[1] arguing that insufficient evidence supports his conviction. Specifically, he argues the evidence does not support that he made his threats with the purpose of influencing a public servant's official action. We affirm.

## FACTS

A. *Background*

Trial testimony supported the following facts. Officer Ilia Botvinnik and Deputy Paul Uminski pulled over Kalachik while he was driving his vehicle. Officer Botvinnik printed out written citations for Kalachik. With Kalachik still in the vehicle, Officer Botvinnik attempted to give Kalachik the citations. Because Kalachik refused to accept the citations, Officer Botvinnik slipped them through the vehicle's rear window. Officer Botvinnik told Kalachik he was free to leave.

---

[1] RCW 9A.76.180; RCW 9A.04.110(23).

As Officer Botvinnik and Deputy Uminski returned to their patrol car, Kalachik grabbed the citations, exited the vehicle, and confronted the officers. Kalachik ripped up the citations, dialed his cell phone, and told Officer Botvinnik, "'You have no idea who are [sic] you messing with and I'm going to call my brigade and they're going to come right here, right now after you.'" Verbatim Report of Proceedings (VRP) at 91. Officer Botvinnik and Deputy Uminski then arrested Kalachik for intimidating a public servant.

While transporting Kalachik to jail, Kalachik said, "'You have no idea what you are doing right now, I will guarantee that you will regret this.'" VRP at 159. Kalachik also asked Officer Botvinnik if he knew about Maxim Ukimetz. Ukimetz was a man who was allegedly killed.

B.      *Charges, Conviction, and Sentence*

The State charged Kalachik with one count of intimidating a public servant and one count of felony harassment involving threat to a criminal justice system participant.[2] The case went to a jury trial where Kalachik was convicted of both counts.

The trial court ruled Kalachik's two convictions merged due to double jeopardy, and vacated Kalachik's count for felony harassment involving threat to a criminal justice system participant. Kalachik now appeals his conviction for intimidating a public servant.

ANALYSIS

Kalachik concedes sufficient evidence supports that he made threats, but argues insufficient evidence supports that he made his threats with the purpose of influencing a public servant's official action. We disagree.

---

[2] RCW 9A.46.020(1), (2)(b).

No. 45477-7-II

Evidence is sufficient to support a conviction if any rational trier of fact could find the crimes' essential elements beyond a reasonable doubt when viewing the evidence in the light most favorable to the State. *State v. Thomas*, 150 Wn.2d 821, 874, 83 P.3d 970 (2004). An appellant claiming insufficient evidence admits the truth of the State's evidence and all inferences that may be reasonably drawn from that evidence. 150 Wn.2d at 874.

RCW 9A.76.180(1) states:

> A person is guilty of intimidating a public servant if, by use of a threat, he or she attempts to influence a public servant's vote, opinion, decision, or other official action as a public servant.

RCW 9A.76.180 requires "evidence both that the defendant made a threat and that the threat was made with the purpose of influencing a public servant's official action." *State v. Montano*, 169 Wn.2d 872, 876, 239 P.3d 360 (2010). The influence element requires "evidence suggesting an attempt to influence, aside from the threats themselves or the defendant's generalized anger at the circumstances." 169 Wn.2d at 877.

Kalachik cites *Montano* and *State v. Burke*, 132 Wn. App. 415, 132 P.3d 1095 (2006) to support his argument. In *Montano*, the State charged the defendant with intimidating a public servant after he violently resisted two arresting police officers, became increasingly angry, and hurled insults and threats. 169 Wn.2d at 874-75. The defendant said to the officers, "I know when you get off work, and I will be waiting for you"; "I'll kick your ass"; and "I know you are afraid, I can see it in your eyes." 169 Wn.2d at 875. Our Supreme Court affirmed pretrial dismissal:

> [T]here is simply no evidence to suggest that [the defendant] engaged in this behavior, or made his threats, for the purpose of influencing the police officers' actions. Instead, the evidence shows a man who was angry at being detained and who expressed that anger toward the police officers. . . . Some *evidence is required*

3

> *to link the defendant's behavior to an official action that the defendant wishes to influence.*

169 Wn.2d at 879-80 (emphasis added).

In *Burke*, a jury found the defendant guilty of intimidating a public servant after he, while drunk, rushed toward and "belly bump[ed]" an investigating police officer at a house party, disobeyed commands to step back, yelled profanities and "fighting threats," took a "fighting stance," and swung his fists. 132 Wn. App. at 417-18 (alteration in original). The defendant admitted he was disappointed the house party might end. 132 Wn. App. at 418. We reversed the conviction, concluding that there was no direct evidence supporting the intent to influence and that the way in which the defendant attacked the officers did not show an attempt to suggest that the officer take a particular action. 132 Wn. App. at 421.

Kalachik's case is unlike *Montano* or *Burke*. Kalachik became irate and agitated by Officer Botvinnik giving him citations and arresting him. Kalachik's first threat was made while ripping up the citations, and the second threat was made in the patrol car soon after his arrest. Kalachik's threats included statements that were clearly attempting to dissuade the officer's actions, including "'[y]ou have no idea who are [sic] you messing with,'" and "'[y]ou have no idea what you are doing right now, I will guarantee that you will regret this.'" VRP at 91, 159. This presented some evidence to link Kalachik's behavior to an official action that Kalachik wished to influence. *See Montano*, 169 Wn.2d at 879-80. Viewing the evidence in the light most favorable to the State, a rational jury could find beyond a reasonable doubt that Kalachik

No. 45477-7-II

made his threats with the purpose of influencing law enforcement officers to withdraw the citations and take no further action against him.

We affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
Worswick, J.

We concur:

_____
Bjorgen, A.C.J.

_____
Sutton, J.

5